### APPEAL OF J. A. SWANSON.

Docket No. 3451.    Submitted July 6, 1925.    Decided October 30, 1925.

> The taxpayer during the year 1918 was in receipt of certain dividends paid partly in cash and partly in notes. During the year 1919 a portion of such dividends was returned to the corporation from which they were received. *Held,* that the dividends received in 1918 constituted income in that year and no adjustment of income resulted, either in the year 1918 or 1919, from the return of a portion of such dividends in the latter year.

*M. N. Fisher, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax in the amount of $2,996.01 for the taxable year 1919. No evidence was taken in this appeal, the Commissioner in response to the petition having filed a motion reading as follows:

> Now comes the Commissioner of Internal Revenue, by his attorney, A. W. Gregg, Solicitor of Internal Revenue, and moves that the petition heretofore filed by the above named taxpayer be dismissed for the reason that it fails to state a cause of action.

#### FINDINGS OF FACT.

The taxpayer is a resident of Nebraska, and is president of the Nebraska Clothing Co. That corporation and the taxpayer carry on business in Omaha.

On February 15, 1918, the Nebraska Clothing Co. declared a dividend of $50,000, $25,000 in Liberty bonds and the balance in cash. On October 1, 1918, the Nebraska Clothing Co. declared a dividend of $35,000, of which $12,500 was paid in Liberty bonds and notes were issued for $22,500. The taxpayer, at both of the above dates, was the owner of 50 per cent of the stock of the Nebraska Clothing Co., and received half of each of the above-mentioned dividends.

On January 2, 1919, at a meeting of the board of directors of the company, a motion was adopted, the material portion of which is as follows:

> On motion, it was decided that owing to the requirements of the business and for the purpose of reducing the indebtedness to the bank, to turn back into the surplus of the company, dividends distributed on February 15, 1918, to the amount of Twenty Thousand Dollars ($20,000.00), and dividends distributed on October 1, 1918, to the amount of Twenty Two Thousand Five Hundred Dollars, ($22,500.00).

Conformably to the foregoing resolution, the taxpayer thereafter returned $21,250 to the Nebraska Clothing Co.

The determination of the Commissioner is approved.

OPINION.

JAMES: It appears that the taxpayer, by the petition, sought to raise what presumably is the issue in this appeal, namely, that the Commissioner in the audit of the taxpayer's return presumably included in gross income for the year 1918 the above amount of $21,250, which presumably the taxpayer originally did not report as income. Neither of these important facts are pleaded as facts by the taxpayer nor set forth in the assignments of error with sufficient definiteness to identify what we judge is the real issue. It would be entirely proper to base our determination entirely upon the above-mentioned defects in the pleadings. Inasmuch, however, as the amount involved is substantial and the issue apparently sought to be raised is not difficult of solution, we feel constrained to decide the appeal on what would seem to be the issue attempted to be pleaded.

It appears from the facts which we are able to find that the taxpayer received cash dividends of $12,500 on February 15, 1918, and $11,250 dividends paid by notes on October 1, 1918. It further appears that after the close of 1918 it was determined that a portion of these dividends should be returned, namely, $10,000 of the dividends paid in cash in February and all of the dividends paid by notes in October, and that the taxpayer duly returned the notes and $10,000 in cash during the year 1919. This is manifestly a transaction quite different from that involved in the case of *United States v. Mellon*, 281 Fed. 645. In that case the taxpayer had received dividends under an understanding and a plan whereby the dividends were immediately returned for stock in the corporation, and it was there held that such an arrangement was the equivalent of a stock dividend and the amounts so received were not subject to taxation as income. But the taxpayer here received, apparently without qualification, the amounts of dividends as set forth in the findings of fact and thereafter, pursuant to a resolution of the directors of the corporation, he consented to reinvest in the corporation certain sums equivalent to a portion of those dividends. These are two separate and distinct transactions, wholly unrelated even as to the year in which they occurred, and the second transaction can not be regarded as in any manner modifying the income received by the taxpayer through the first, or as justifying a deduction in 1919 for the amount paid back in that year. The taxpayer appealed, as above stated, from the determination of a deficiency for the year 1919. Deficiencies for 1918, 1919, and 1920, are set forth in the Commissioner's

letter, and it would appear that the taxpayer intended to appeal from the determination for the year 1918. The appeal has been construed for the purpose of the foregoing as one involving either or both years.